```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (ST. BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, BOARD OF TRUSTEES OF THE SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 104 VACATION, HOLIDAY SAVINGS PLAN; ANTHONY ASHER, TRUSTEE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>TOTAL AIR BALANCE COMPANY, INC., a corporation, doing business as T A B C O INC.<br><br>          Defendant. | NO. C 08 2038 SC<br><br>FIRST AMENDED COMPLAINT |

Plaintiffs complain of defendant and for a cause of action alleges that:

1.   Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the

FIRST AMENDED COMPLAINT
-1-

1  provisions of ERISA and the provisions of the National Labor Relations
2  Act of 1947.  This action is also brought pursuant to the Federal
3  Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual
4  controversy between plaintiffs and defendant, and for a Judgment that
5  defendant pay fringe benefit contributions in accordance with its
6  contractual obligations.

7      2.  Plaintiffs Boards of Trustees of the Trust Funds named
8  in the caption (hereinafter "Trust Funds") are trustees of employee
9  benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of
10 ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer
11 plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C.
12 §§1002(37) and §1145.  Plaintiff Anthony Asher is a trustee.  Said
13 Trust Funds are authorized to maintain suit as independent legal
14 entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

15     3.  Plaintiffs are informed and believes and thereupon
16 alleges that defendant, TOTAL AIR BALANCE COMPANY INC., a corporation
17 resides and does business in San Jose, California.  Performance of the
18 obligations set forth therein is in this judicial district.

19     4.  Each and every defendant herein is the agent of each
20 and every other defendant herein.  Defendants and each of them are
21 engaged in commerce or in an industry affecting commerce.

22     5.  At all times pertinent hereto defendant was bound by
23 a written collective bargaining agreement with Sheet Metal Workers
24 Local Union No. 104, a labor organization in an industry affecting
25 commerce.  The aforesaid agreement provide that defendant shall make
26 contributions to the TRUST FUNDS, on behalf of defendant's employees
27 on a regular basis on all hours worked, and that defendant shall be
28 bound to and abide by all the provisions of the respective Trust

Agreements and Declarations of Trust of said TRUST FUNDS (hereinafter the "Trust Agreements").

6. Defendant has breached both the provisions of the collective bargaining agreement and Trust Agreements referred to above by failing to pay moneys due thereunder on behalf of defendant's employees to the TRUST FUNDS. Said breach constitutes a violation of ERISA (29 U.S.C. 1102, et seq.) and of the National Labor Relations Act of 1947.

7. Pursuant to the terms of the collective bargaining agreements, there is now due, owing and unpaid from defendant to the TRUST FUNDS contributions for hours worked by covered employees in March 2008, and liquidated damages, which are specifically provided for by said agreement. The total amount due is not known. Additional monthly amounts may become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the rate set by the Trustees from the dates on which the principal amounts due accrued.

8. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUNDS or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 7 above.

9. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreements, and defendant refuses to make such payments in a timely manner.

10. The Trust Agreements provide that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and reasonable attorneys' fee. It has been necessary for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiff prays:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the terms of the collective bargaining agreement and the Trust Agreements for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUNDS.

3. That the Court retain jurisdiction of this cause pending compliance with its orders.

4. For such other and further relief as the Court deems just and proper.

DATED: May 20, 2008                ERSKINE & TULLEY
                                   A PROFESSIONAL CORPORATION


                                   By:/s/Michael J. Carroll
                                       Michael J. Carroll
                                       Attorneys for Plaintiffs